FILED
United States Court of Appeals
Tenth Circuit

November 24, 2014

Elisabeth A. Shumaker
Clerk of Court

# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TERRENCE M. HEATHINGTON,

Defendant - Appellant.

No. 14-3156
(D.C. No. 2:13-CR-20091-KHV-1)
(D. Kan.)

## ORDER AND JUDGMENT*

Before **KELLY**, **HARTZ**, and **O'BRIEN**, Circuit Judges.

After accepting a plea agreement that included a waiver of his right to appeal,

Terrence M. Heathington pleaded guilty to one count of engaging in commercial

carrier fraud. The district court sentenced him to 33 months' imprisonment and

ordered restitution of approximately $1.6 million. Despite the waiver,

Mr. Heathington has filed a notice of appeal that identifies three issues:

"(1) Whether the court erred in the calculation of loss, resulting in a sentencing

---

* This panel has determined that oral argument would not materially assist the
determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The
case is therefore ordered submitted without oral argument. This order and judgment
is not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

guidelines miscalculation and an excessive sentence; (2) Whether the court erred in the calculation of loss, resulting in an excessive restitution order; and (3) Whether the sentence imposed by the court is reasonable." Dktg. Stmt. at 4. The government has moved to enforce the appeal waiver. *See United States v. Hahn*, 359 F.3d 1315, 1328 (10th Cir. 2004) (en banc) (per curiam). We grant the motion and dismiss the appeal.

In evaluating a motion to enforce a waiver under *Hahn*, we consider: "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *Id*. at 1325.

In his counseled response opposing the motion to enforce, Mr. Heathington maintains he received a below-Guidelines sentence and because the plea agreement does not specifically mention such a sentence, his proposed appeal is outside the scope of the waiver. He challenges the knowing-and-voluntary factor, arguing the Rule 11 guilty plea colloquy was inadequate because there was no specific discussion of the waiver of his right to appeal a below-Guidelines sentence. We reject these arguments because they are built on the faulty foundation that the court imposed a below-Guidelines sentence.

At the sentencing hearing, the court initially overruled an objection from Mr. Heathington's lawyer to the inclusion of a shoplifting conviction and an expunged conviction in the Guideline calculations. It concluded "that leaves us with a total

offense level of 20 and a criminal history category of 2 for a custody range of 37 to 46 months." Mot. to Enforce, Attach. B at 29.

Later, however, the court reversed its ruling regarding the prior convictions, which in turn changed the Guidelines range to a low end of 33 months — the sentence imposed by the court:

> To me, a guideline sentence is appropriate here because I don't see any factors which take the – which suggests that a non guideline sentence is more appropriate, but given the nature of the two convictions which we scored in [Mr. Heathington's] criminal history, *I think it would be appropriate to disregard them for purposes of the guideline calculations.*
> So if we treat you as being functionally in a lower guideline range and the low end of the guidelines would be 32 [sic] months,[1] that is the sentence that I would propose in this case as the appropriate weighing of all the relevant factors.

*Id*. at 43 (emphasis added).

It is beyond cavil that the plea agreement precludes an appeal of a within-Guidelines sentence. It provides in pertinent part:

> The defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, the defendant's conviction, or the components of the sentence to be imposed herein including the length and conditions of supervised release. . . . *By entering into this agreement, the defendant knowingly waives any right to appeal a sentence imposed which is within the guideline range determined appropriate by the court.* . . . In other words, the defendant waives the right to appeal the sentence imposed in this case except to the extent, if any, the court departs upwards from the applicable sentencing guideline range determined by the court.

---

[1]     At the conclusion of the sentencing hearing, the court acknowledged that it misspoke, and "33 months is the sentence." Mot. to Enforce, Attach. B at 55.

*Id.*, Attach. C at 8, ¶ 13 (emphasis added).

Because Mr. Heathington received a within-Guidelines sentence, his arguments lack merit. The motion to enforce is granted and this appeal is dismissed.

Entered for the Court
Per Curiam
